## MARTIN v. STATE.   (2 Div. 349.)

(Court of Appeals of Alabama.   Nov. 10, 1925.)

1. Highways ☞151(2)—Complaint in prosecution for failure to work public road held not void.

Complaint in county court in prosecution for failure to work public road held not void, though defective, and sufficient to support appeal from conviction to circuit court.

2. Highways ☞151(2)—Demurrers interposed against complaint in circuit court, charging failure to work public road, held properly overruled.

Demurrers interposed against complaint in circuit court that state, through its solicitor, complains of accused liable to road duty, that he willfully failed or refused, after legal notice, to work public designated road either·in person or by substitution, without sufficient excuse therefor, held properly overruled.

3. Highways ☞151(2) — In prosecution for failure to work public road, conflict in evidence presented jury question.

In prosecution for failure to work public road, conflict in evidence presented jury question, precluding giving of affirmative charge to accused.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Highways ⬅️151(2)—Indebtedness by county, due to one liable for road duty, does not exempt him from performance of such duty.**

Indebtedness by county, due to one liable to county for road duty, does not exempt him from performance of such duty.

Appeal from Circuit Court, Choctaw County; Ben D. Turner, Judge.

Arthur Martin was convicted of a failure to work the public road, and he appeals. Affirmed.

The complaint upon which the defendant was tried in the county court is as follows:

"Personally appeared before me, W. H. Lindsey, judge of the county court, in and for said county and state, W. R. Lassiter, who being duly sworn by me, deposes and says that he has probable cause to believe, and does believe, that before the finding of this complaint, and within 12 months thereof, in said county of Choctaw, Arthur Martin, a person liable to road duty, willfully failed and refused, after legal notice, to work the public road either in person or by substitute, without a sufficient excuse therefor, against the peace and dignity of the state of Alabama."

The information or complaint filed in the circuit court is as follows:

"The state of Alabama, by its solicitor, complains of Arthur Martin that within 12 months before the commencement of this prosecution he, Arthur Martin, a person liable to road duty, did willfully fail or refuse, after legal notice to work the public road, to wit, the Butler and Womack Hill road in Choctaw county, Ala., either in person or by substitute, without a sufficient excuse therefor."

To the complaint filed by the solicitor in the circuit court defendant demurred substantially as follows: That the complaint charges no offense known to the law of this state; that it fails to set out sufficiently the ordinance, rule, or regulation of the commissioners' court under which the charge is brought; that it does not charge an offense under a regulation adopted by the commissioners' court, such regulation or ordinance providing the right either to work the road or pay $5; that the ordinance under which defendant is charged is not sufficiently set forth to show such an ordinance was in existence at the time the unlawful act is alleged to have been committed, or to show the contents of such ordinance; that the complaint does not show when such ordinance, rule, or regulation was adopted; that it fails to set out that the defendant refused either to work the road or to pay.

The demurrer also takes the point that the complaint filed in county court was void, and would not support the filing of an information by the solicitor in the circuit court.

G. H. Carnathan, of Butler, for appellant.

The complaint filed in the county court was void. The information filed in circuit court was deficient, and defendant's demurrer should have been sustained. Isbell v. State, 17 Ala. App. 465, 86 So. 169; McClure v. State, 17 Ala. App. 618, 88 So. 35; Craven v. State, 18 Ala. App. 48, 88 So. 457; Terry v. State, 18 Ala. App. 333, 92 So. 85; Kirkham v. State, 18 Ala. App. 426, 93 So. 56; Acts 1915, p. 573.

Harwell G. Davis, Atty. Gen., and Thomas E. Knight, Jr., Asst. Atty. Gen., for the State.

The affidavit upon which defendant was tried in county court was not void, and will therefore support the complaint filed by the circuit solicitor. Code 1923, §§ 3843, 5457; Moss v. State, 42 Ala. 546; Perry v. State, 78 Ala. 22; Tatum v. State, 66 Ala. 465; Miles v. State, 94 Ala. 106, 11 So. 403. The complaint in circuit court was not subject to demurrer. Code 1923, § 5456; Simpson v. State, 111 Ala. 6, 20 So. 572; Williams v. State, 88 Ala. 80, 7 So. 101.

BRICKEN, P. J. This appeal is from a judgment of conviction in the circuit court of Choctaw county for failure to work the public road.

In the preparation of this transcript, there is no semblance of a compliance with the rules of court. The trial judge interpolates in his certificate the following statement:

"And while not in form required by law, as I understand the law, yet it is substantially correct as to the proceedings had," etc.

[1] The complaint in the county court was not void, even though defective. A judgment of conviction in that court, based upon the complaint, was sufficient to support an appeal to the circuit court.

[2, 3] In the circuit court the defendant was tried upon a complaint filed by the solicitor. The demurrers, as interposed, were properly overruled. On the trial in the circuit court there was evidence which tended to make out and sustain the material allegations of the complaint. Some of the state's evidence was denied by the defendant, and under the evidence other conflicts were apparent. This made a jury question. The affirmative charge was not available to defendant.

[4] We gather from the record that the defendant undertook to justify his admitted failure to work the designated public road during the year 1923 by setting up an alleged indebtedness due him by the county for services rendered as road overseer in the year 1921. Aside from the undisputed fact that appellant was excused from all road duty for the year 1922, as compensation for his claim as road overseer for the preceding year, under no condition could he defeat his obligation for road duty to the county because the

county owed him. An indebtedness by the county, due to one liable for road duty, cannot be taken as an exemption from the performance of such road duty.

The oral charge of the court was explicit and extremely fair to this appellant. Under the evidence adduced upon this trial the jury were authorized to find and render the verdict contained in this record. The trial throughout proceeded without error of a reversible nature. The judgment appealed from is therefore affirmed.

Affirmed.